UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 19-80414-CV-SMITH
MAGISTRATE JUDGE REID

RADAMES VELAZQUEZ,

      Petitioner,

v.

MARK S. INCH,

      Respondent.

_____/

**REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE ON
PETITION FOR WRIT OF *HABEAS CORPUS***

### I.  Introduction

*Pro se* Petitioner, **Radames Velazquez**, who is presently confined at the Avon Park Correctional Institution, has filed a Petition for Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction following jury trial in the Fifteenth Judicial Circuit, Palm Beach County, Case No. 2012-CF-008868AXXXMB. [ECF No. 1].

This Cause has been referred to the Undersigned for consideration and report, pursuant to 28 U.S.C. § 636(b)(1)(B), (c) and S.D. Fla. Admin. Order 2019-02. [ECF No. 2].

For its consideration of the Petition [ECF No. 1], the Court has received the state's Response [ECF No. 8] to this Court's Order to Show Cause along with its supporting appendix and state court transcripts [ECF Nos. 9, 10] and Petitioner's Reply [ECF No. 17].

In the instant Petition, Petitioner presents the following claims for relief:

1.  The state trial court erred in giving the principal instruction as there was insufficient evidence to support a finding that Petitioner had a conscious intent that the burglary occur, and he did not aid or abet the burglary.

2. Newly discovered evidence, in the form of testimony of the co-defendant that Petitioner did not know she intended to commit a burglary.

3. Trial counsel was ineffective for failing to request an independent act instruction.

4. Trial counsel was ineffective for failing to move to exclude hearsay testimony of the co-defendant.

5. The cumulative errors of counsel and the trial court denied Petitioner a fair trial.

After reviewing the pleadings, for the reasons stated in this Report, the Undersigned recommends that the Petition be DENIED because Petitioner is not entitled to relief on the merits.

## II.  Factual and Procedural History

### A.  Trial and Direct Appeal

Petitioner was charged with burglary of a dwelling and petit theft. [ECF No. 9-1 at 2-3]. After a jury trial he was found guilty of burglary as charged. [*Id*. at 13]. A trespassing charge was dismissed by the state. [*Id*. at 5]. The court adjudicated Petitioner guilty and sentenced him to fifteen years as a prison releasee reoffender. [*Id*. at 15-17]. Petitioner appealed. [*Id*. at 19].

On appeal Petitioner argued that the trial court erred by giving a jury instruction on principals. [*Id*. at 22-39]. The appellate court affirmed Petitioner's conviction and sentence. [*Id*. at 85].

### B.  Post-Conviction Proceedings

Petitioner filed a motion for post-conviction relief pursuant to Fla. R. Crim. P. 3.850 ("Rule 3.850 Motion") in the state trial court raising four claims for relief. [*Id*. at 89-109]. Petitioner later filed an amended Rule 3.850 Motion. [*Id*. at 171-189]. He first argued he was entitled to a new trial based on newly discovered evidence in the form of an affidavit of his co-defendant in which she took full responsibility for the burglary. [*Id*. at 177-181]. He also raised two claims of ineffective assistance of counsel, arguing that counsel was ineffective for (1) failing to request an

independent act instruction and (2) failing to move to exclude hearsay testimony of the co-defendant. [*Id.* at 177-188]. Finally, he argued that the cumulative effect of counsel's errors deprived him of a fair trial. [*Id.* at 188]. Petitioner attached the affidavit of the co-defendant. [*Id.* at 207-208].

In its response to the motion, the state conceded that an evidentiary hearing was necessary to consider the newly discovered evidence claim. [*Id.* at 213-214]. The state argued that the two ineffective assistance of counsel claims were without merit. The state argued that counsel was not ineffective for failing to request an independent act instruction because the instruction was contrary to the defense presented at trial. [*Id.* at 214-215]. The state argued counsel was not ineffective for failing to exclude the statement of the co-defendant because counsel obtained a limiting instruction which avoided any prejudice. [*Id.* at 215-19]. Petitioner later withdrew his newly discovered evidence claim. [ECF No. 9-2 at 126].

The court denied the Rule 3.850 Motion. [*Id.* at 128-133]. Relying on Florida case law, the court found that the independent act instruction would have conflicted with Petitioner's defense that there was no common plan. [*Id.* at 131]. The second claim of ineffective assistance was denied with the court finding that under Florida law, the detective's statement that the co-defendant denied entering the victim's home was admissible as part of the questioning of Petitioner. [*Id.* at 132]. The court further found that the statement was not admitted for the truth of the matter asserted, and was therefore not hearsay. [*Id.*]. Finally, the court noted that the statement had been subject to a limiting instruction by the court. [*Id.* at 132-33]. Petitioner appealed the denial. [ECF No. 3 at 17]. The denial was affirmed. [*Id.* at 206].

### III. Statute of Limitations

The state properly concedes that the petition was filed timely.

### IV. Standard of Review

3

A prisoner in state custody may not be granted a writ of *habeas corpus* for any claim that was adjudicated on the merits in state court unless the state court's decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented" to the State court. 28 U.S.C. § 2254(d)(1), (2); *see also Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *Fugate v. Head*, 261 F.3d 1206, 1215-16 (11th Cir. 2001).

A state court decision is "contrary to" or an "unreasonable application of" the Supreme Court's clearly established precedent within the meaning of § 2254(d)(1) only if the state court applies a rule that contradicts the governing law as set forth in Supreme Court case law, or if the state court confronts a set of facts that are materially indistinguishable from those in a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. *See Brown v. Payton*, 544 U.S. 133, 141 (2005); *see also Williams*, 529 U.S. at 405-06. In the *habeas* context, clearly established federal law refers to the holdings of the Supreme Court's decisions as of the time of the relevant state-court decision. *See Hall v. Head*, 310 F.3d 683, 690 (11th Cir. 2002) (citing *Williams*, 529 U.S. at 412). However, in adjudicating a petitioner's claim, the state court does not need to cite Supreme Court decisions and the state court need not even be aware of the Supreme Court cases. *See Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Parker v. Sec'y, Dep't of Corr.*, 331 F.3d 764, 775-76 (11th Cir. 2003).

So long as neither the reasoning nor the result of the state court decision contradicts Supreme Court decisions, the state court's decision will not be disturbed. *See id*. Further, a federal court must presume the correctness of the state court's factual findings unless the petitioner overcomes them by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *see also Putman v. Head*, 268 F.3d 1223, 1241 (11th Cir. 2001).

4

More recently, the U.S. Supreme Court in *Wilson v. Sellers*, ___ U.S.___, 138 S. Ct. 1188, 1194 (2018), concluded there is a "look through" presumption in federal *habeas corpus* law, as silence implies consent. Where the state court's adjudication on the merits of a claim is unaccompanied by an explanation:

> [T]he federal court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale. It should then presume that the unexplained decision adopted the same reasoning.

*Wilson*, 138 S. Ct. at 1192.

In other words, if the last state court to decide a prisoner's federal claim provides an explanation for its merits-based decision in a reasoned opinion, "a federal *habeas* court simply reviews the specific reasons given by the state court and defers to those reasons if they are reasonable." *Id.* However, if the relevant state-court decision on the merits is not accompanied by a reasoned opinion, because it was summarily affirmed or denied, a federal court "should 'look through' the unexplained decision to the last state-court decision that does provide a relevant rationale." *Id.* The presumption, however, may be rebutted by showing the state court's adjudication most likely relied on different grounds than the lower state court's reasoned decision, such as persuasive alternative grounds briefed or argued to the higher court or obvious in the record. *See id.* at 1192, 1196. "Where there are convincing grounds to believe the silent record had a different basis for its decision than the analysis followed by the previous court, the federal *habeas* court is free, as we have said, to find to the contrary." *Id.* at 1197.

Moreover, the Supreme Court repeatedly has admonished that "[t]he petitioner carries the burden of proof" and that the §2254(d)(1) standard is a high hurdle to overcome. *See Bobby v. Dixon*, 565 U.S. 23, 24 (2011) (quoting *Richter*, 560 U.S. at 102-103 (quotation marks omitted)). Thus, state court decisions are afforded a strong presumption of deference even when the state

court adjudicates a petitioner's claim summarily—without an accompanying statement of reasons. *See Richter*, 560 U.S. at 96-100 (concluding that the summary nature of a state court's decision does not lessen the deference that it is due); *see also Gill v. Mecusker*, 633 F.3d 1272, 1288 (11th Cir. 2011) (acknowledging the well-settled principle that summary affirmances are presumed adjudicated on the merits and warrant deference) (citing *Richter*, 560 U.S. at 100-101 and *Wright v. Sec'y for the Dep't of Corr.*, 278 F.3d 1245, 1254 (11th Cir. 2002)).

Petitioner raises claims of ineffective assistance of counsel. The United States Supreme Court clearly established the law governing claims of ineffective assistance of counsel in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* requires a criminal defendant to show that: (1) counsel's performance was deficient and (2) the deficiency prejudiced him. *See id*. at 690. As to the first prong, deficient performance means performance outside the wide range of professionally competent assistance. *See id*. The judiciary's scrutiny of counsel's performance is highly deferential. *See id*. at 689.

As to the second prong, a defendant establishes prejudice by showing that, but for counsel's deficient performance, there is a reasonable probability the outcome of the proceedings would have been different. *See id*. at 694.  A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceedings. *See id*. A defendant must satisfy both the deficiency and prejudice prongs set forth in *Strickland* to obtain relief on an ineffective assistance of counsel claim. Failure to establish either prong is fatal and makes it unnecessary to consider the other. *See id.* at 697.

Combining AEDPA's *habeas* standard and *Strickland*'s two-pronged test provides the relevant inquiry in this case. To obtain *habeas* relief, a petitioner must show the state court "applied

6

*Strickland* to the facts of his case in an objectively unreasonable manner" when it rejected his claims of ineffective assistance of counsel. *See Bell v. Cone*, 535 U.S. 685, 699 (2002).

## V.  Discussion

### A.  **Principal Jury Instruction**

In his first claim, Petitioner contends that the trial court erred by instructing the jury regarding the principal theory of culpability. [ECF No. 1 at 5].  He argues that "Florida courts have held that mere knowledge of another's criminal activity, even when it involves a companion, is insufficient for an instruction that a [Petitioner] may be convicted on an aiding and abetting theory of criminal culpability." [*Id*.]. He then asserts that there was insufficient evidence to support the giving of the principal instruction. [*Id*.].

This claim is not cognizable in a federal habeas proceeding. "A jury instruction that 'was allegedly incorrect under state law is not a basis for habeas relief.' because federal habeas review 'is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.'" *Jamerson v. Sec'y for Dep't of Corr.*, 410 F.3d 682, 688 (11th Cir. 2005) (citations omitted). Federal habeas review is limited to determining "only whether the challenged instruction, viewed in the context of both the entire charge and the trial record, 'so infected the entire trial that the resulting conviction violate[d] due process.'" *Id*. (quoting *Estelle v. McGuire*, 502 U.S. 62, 72 (1991)). Thus, even if state law error occurred in regard to principal jury instruction, the Eleventh Circuit has made clear that federal habeas relief will only be granted for state law errors that were so critical they rendered the entire trial fundamentally unfair in violation of the right to due process. *See Jamerson*, 410 F.3d at 690; *see also Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1998).

Even if this claim could be construed as challenging the jury instruction on due process grounds *habeas* review would be precluded because Petitioner did not present this as a federal

claim in state court. A claim must be presented to the highest court of the state to satisfy the exhaustion requirement. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *see also Richardson v. Procunier*, 762 F.2d 429, 430 (5th Cir. 1985). In a Florida non-capital case, this means the applicant must have presented his claims in a district court of appeal. *See Upshaw v. Singletary*, 70 F.3d 576, 579 (11th Cir. 1995). The claims must be presented in state court in a procedurally correct manner. *See id.*

A petitioner is required to present his claims to the state courts such that the courts have the "opportunity to apply controlling legal principles to the facts bearing upon [his] constitutional claim." *Picard v. Connor*, 404 U.S. 270, 275-77 (1971). To satisfy this requirement, "[a] petitioner must alert state courts to any federal claims to allow the state courts an opportunity to review and correct the claimed violations of his federal rights." *Jimenez v. Fla. Dep't of Corr.*, 481 F.3d 1337 (11th Cir. 2007) (citing *Duncan v. Henry*, 513 U.S. 364, 365 (1995)).

Unexhausted claims may be treated "as procedurally defaulted, even absent a state court determination to that effect, if it is clear from state law that any future attempts at exhaustion would be futile." *Bailey v. Nagle*, 172 F.3d 1299, 1305 (11th Cir. 1999).

On direct appeal, Petitioner argued that the trial court erred by giving the principal instruction. [ECF No. 9-1 at 22-39]. Review of the appellate brief shows that Petitioner relied exclusively on state law in arguing this claim. [*Id.*]. As in the instant Petition, there was no citation to federal law in support of his argument. Since Petitioner failed to present this claim in state court it is unexhausted and procedurally barred.

Here, in his Reply, Petitioner, for the first time argues that this is a federal constitutional claim. Even if construed as an exhausted federal constitutional due process claim, this claim would

be denied because the jury instruction, viewed in light of the entire trial did, not deny Petitioner a fair trial.

The evidence at trial had established that the victim's neighbor saw Petitioner and a woman in the victim's yard near the sliding door. [ECF No. 10-1 at 197]. When he confronted the two, they claimed to be waiting on the victim. [*Id*. at 199]. Petitioner seemed "like he was just really wanting to go." [*Id*.]. The two left when the neighbor said he would call the victim. [*Id*. at 200]. Based on the demeanor of Petitioner and the woman the neighbor immediately called the police. [*Id*. at 201]. The two began to walk faster as the neighbor called the police. [*Id*. at 202]. Upon inspection of the victim's home it was discovered that the rear door had been pried open and two knives were missing. [*Id*. at 252, 222]. When the police stopped Petitioner, they found the two knives that had been taken from the victim's home in his possession. [*Id*. at 222, 240]. The jury was instructed that:

> If the defendant helped another person or persons commit or attempt to commit a crime, the defendant is a principle and must be treated as if he has done all the things the person or persons did if the defendant had a conscious intent that the criminal act be done and two, the defendant did some act or said some word which is intended to and which did incite, cause, encourage, assist, or advise the other person or persons to actually commit or attempt to commit the crime. To be a principle, the defendant does not have to be present when the crime is committed or attempted. Now the mere presence of Radames Velazquez at the scene of the crime is not sufficient to establish participation in the crime.

Petitioner has not contested that the instruction itself was a misstatement of the law.

Given the evidence of Petitioner's possession of recently stolen property and his flight from the area of the burglary, the giving of the principal instructions was appropriate. This is especially so where the jury was instructed that mere presence was insufficient to establish participation. When looking at the instruction in context with the entire trial the principal instruction did not deny Petitioner due process. This claim should be denied.

B. **Newly Discovered Evidence**

Petitioner next argues that newly discovered evidence, in the form of an affidavit from his co-defendant, establishes that he is innocent of burglary. [ECF No. 1 at 7-9]. In the affidavit, the co-defendant claimed that she did not share her plan to burglarize the house with Petitioner. [*Id*.]. Petitioner contends that he is entitled to a new trial as a result of this new evidence.

Petitioner attempted to present this claim in his Rule 3.850 Motion. However, the co-defendant was not willing to testify at an evidentiary hearing, so this claim was withdrawn and the evidentiary hearing was not held. [*Id*. at 8]. This claim was therefore abandoned and not exhausted. Since the claim is unexhausted it is not cognizable in this habeas proceeding.

Although presented in the Rule 3.850 Motion, this claim was abandoned when the co-defendant refused to testify at an evidentiary hearing. Petitioner acknowledges his failure to exhaust this claim but argues that (1) he is actually innocent and (2) he can show cause and prejudice for failing to exhaust this claim.

This claim amounts to a freestanding claim of innocence based on newly discovered evidence. Absent an independent constitutional violation, such a claim is not cognizable in a federal habeas proceeding. *See Raulerson v. Warden*, 928 F.3d 987, 1004 (11th Cir. 2019); *see also Cunningham v. Dist. Atty's Off. for Escambia Cnty.*, 592 F.3d 1237, 1272 (11th Cir. 2010) ("[T]his Court's own precedent does not allow habeas relief on a freestanding innocence claim in non-capital cases."); *Jordan v. Sec'y, Dep't of Corrs.*, 485 F.3d 1351, 1356 (11th Cir. 2007) ("[O]ur precedent forbids granting habeas relief based upon a claim of actual innocence, anyway, at least in non-capital cases."). The only claim presented is that Petitioner is actually innocent of the burglary, therefore this claim is not cognizable standing alone.

C. **Counsel's Failure to Request Independent Act Instruction**

10

Petitioner contends that counsel was ineffective for failing to request an independent act instruction. [ECF No. 1 at 9-11]. He argues that if the instruction had been given there is a reasonable probability that the result of the trial would have been different. [Id. at 11].

This claim was presented in the Rule 3.850 Motion. The trial court denied this claim finding that the independent act instruction was inconsistent with Petitioner's defense at trial. The court noted that at trial Petitioner's theory of defense was that he had no knowledge of the co-defendant's plan to burglarize the home. Citing Florida law, the court found that an independent act instruction is appropriate only where a common criminal plan existed between the co-defendants. The court denied the claim because Petitioner's defense was there was no common plan. The court found since the instruction was not warranted, counsel could not be ineffective for failing to request it.

The state court's denial of this claim was based on reasonable factual findings and was not contrary to, or an unreasonable application of *Strickland*. In closing argument, Petitioner's counsel asserted that Petitioner had no knowledge of his co-defendant's actions. [ECF No. 10-1 at 312]. Counsel also argued that there was not even a trespass. [*Id*.]. As noted by the state court, under Florida law, the independent act instruction was not warranted because it would have conflicted with Petitioner's claim that there was no common scheme or plan. *See Boyd v. State*, 912 So. 2d 26, 27 (Fla. 4th DCA 2005) (finding counsel not ineffective for not requesting independent act instruction where defendant claimed no common scheme and co-defendant's actions came as complete surprise). Since there was no common scheme or plan, counsel had no basis to request an independent act instruction. The state court properly found that counsel cannot be ineffective for failing to raise a meritless argument. *See Shere v. Sec'y, Fla. Dep't of Corr.*, 537 F.3d 1304, 1311 (11th Cir. 2008). This claim should be denied.

D. **Counsel's Failure to Exclude Hearsay Testimony of Co-defendant**

11

Petitioner next argues that counsel was ineffective for failing to exclude hearsay testimony of the co-defendant. [ECF No. 1 at 11-12]. He asserts he was prejudiced when the jurors heard his videotaped interview during which the detective told him that his co-defendant denied entering the home. [*Id*. at 12]. He contends that if the jurors had not heard this statement, there is a reasonable probability they would have reached a different result. [*Id*.].

This claim was presented in the Rule 3.850 Motion. The state court denied this claim finding that the detective's statement was clearly an attempt to get Petitioner to either confess or provide more information and was not admitted for the truth of the matter asserted. [ECF No. 9-2 at 132]. The court found that "counsel is not required to make futile objections or motions." [*Id*. at 133]. Furthermore, the court found that any potential prejudice was cured by the limiting instruction requested by counsel. [*Id*. at 133].

At trial the state played the videotape of a detective's questioning of Petitioner. [ECF No. 10-1 at 258-272]. Prior to the tape being played, Petitioner's counsel requested that the jury be instructed that "the statements made by the detective are part of the interrogation techniques and not necessarily true or evidence." [*Id*. at 250]. During the interview, the detective asked Petitioner to explain what had happened. [*Id*. at 259]. Petitioner told the detective that he and the co-defendant stopped at the house because a friend of the co-defendant lived there. [*Id*. at 260]. The co-defendant opened the door and called out to see if anyone was home. [*Id*.]. Petitioner denied entering the house. [*Id*. at 267]. At this point in the interview the detective states: "We have forced entry into the house. We have possession of property on you that belongs to the owner of the house and you guys are telling me, both of you all are telling me that no one went into the house. How much sense does that make to you?" [*Id*. at 266]. Petitioner responded, "It makes no sense. I'm pretty much telling you who went in the house. And it wasn't me." [*Id*.]. Immediately after the

tape was played, the court advised the jury that it was Petitioner's "statements that are the evidence not the police officer's statements." [*Id*. at 274].

The state court's denial of this claim was based on reasonable factual findings. As reflected above, Petitioner's counsel asked for and received a limiting instruction advising the jury that the detective's statements were not evidence. Thus, the detective's statement that the co-defendant denied entering the house was not in evidence and could not have been objected to by counsel. As was properly determined by the state court, counsel is not ineffective for failing to pursue meritless claims. *See Shere,* 537 F.3d at 1311. Additionally, the court's finding that the limiting instruction served to cure any potential prejudice was a reasonable application of *Strickland*. This claim should be denied.

### E.  **Cumulative Error**

In his final claim, Petitioner contends that the cumulative effect of the alleged errors denied him his right to a fair trial. [ECF No. 1 at 12-13]. As discussed above there were no harmful errors and counsel was not ineffective. In the absence of individual errors, there can be no cumulative effect to deny Petitioner a fair trial. *See United States v. Barshov*, 733 F.2d 842, 852 (11th Cir.1984) ("Without harmful errors, there can be no cumulative effect compelling reversal.").

### VII. Certificate of Appealability

After review of the record, Petitioner is not entitled to a certificate of appealability. "A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To merit a certificate of appealability, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *Slack v. McDaniel*, 529 U.S. 473,

478 (2000); *see also Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001). Because the claims raised are clearly without merit, Petitioner cannot satisfy the *Slack* test.

### VIII. Conclusion

Based upon the above, it is recommended that this Petition for Writ of *Habeas Corpus* be denied, that no Certificate of Appealability issue, and the case be closed.

Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Court. Failure to do so will bar a *de novo* determination by the District Judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *see also Thomas v. Arn,* 474 U.S. 140, 149 (1985).

SIGNED this 1st day of February, 2021.

_____
UNITED STATES MAGISTRATE JUDGE

cc:     Radames Velazquez
        W06058
        Avon Park Correctional Institution
        Inmate Mail/Parcels
        8100 Highway 64 East
        Avon Park, FL 33825
        PRO SE

        Alexandra A. Folley
        Florida Office of the Attorney General
        Criminal Appeals
        1515 North Flagler Drive, Suite 900
        West Palm Beach, FL 33401
        Email: alexandra.folley@myfloridalegal.com

14